■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered July 28, 1982, convicting him of robbery in the second degree (two counts), grand larceny in the third degree and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress certain evidence.

Judgment affirmed.

On May 25, 1981, at approximately 10:00 P.M., the defendant and six accomplices allegedly robbed and assaulted sev-

eral passengers in a subway train. After the fact that a robbery was in progress was reported to the conductor, police officers met the train when it arrived at the next station and were informed by a number of the victims and eyewitnesses that the perpetrators were still on the train. Seven individuals, including the defendant, were identified to the police, and then arrested. The defendant was tried with three codefendants.

On appeal, the defendant contends that the trial court unduly limited the defense counsel's examination of witnesses during the pretrial suppression hearing. However, we find that on the issue of probable cause for the arrest, the court restrictions of the scope of cross-examination do not constitute reversible error (see, People v Zabrocky, 26 NY2d 530, 536). Moreover, we find that the testimony of the arresting officers provided sufficient evidence of probable cause for the arrest of the defendant. The hearing court's restrictions of cross-examination with respect to the Wade issue were also not reversible error.

We also find no error in the trial court's refusal to grant the defendant's request for a missing witness charge regarding the prosecutor's failure to call as a witness the second arresting police officer, who, we note, testified at the pretrial suppression hearing. The prosecutor informed the court and counsel beforehand that the officer might not be called as a witness because he was ill, and the court suggested to the counsel for the defendant and his codefendant that if they wished to have the officer testify, they should serve a subpoena, which they failed to do. Based on the officer's testimony at the pretrial suppression hearing, his trial testimony could only have been cumulative.

In reviewing the evidence in the light most favorable to the People, we conclude that there is sufficient evidence in the record to support the jury's verdict finding that the defendant intentionally acted in concert with the six other perpetrators in the robbery and assault of passengers on the train (see, Penal Law § 20.00; cf. People v La Belle, 18 NY2d 405).

The defendant's remaining contentions have been considered and have been found to be without merit. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.